# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL POLLAK, | ) | CASE NO. 1:19-CV-1866 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| KEYBANK, N.A., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon the Defendant's Motion to Dismiss the Complaint and Compel Arbitration. (ECF #10). For the reasons stated below, Defendant's Motion is GRANTED.

**Procedural and Factual Background**

On September 26, 2017, Plaintiff Michael Pollak submitted a KeyBank NA Credit Application ("Application") and provided Defendant KeyBank, N.A. ("KeyBank") with his cell phone number. (ECF #10, Exhibit A). The Application expressly stated that when providing a telephone number, the applicant gave consent to receive communications via that number from KeyBank (*Id.*, Exhibit 1). Further, Plaintiff also signed a Preferred Credit Line Agreement and Disclosure Agreement ("Agreement"). (*Id.*, Exhibit 2*)*. By executing the Agreement, Plaintiff (1) agreed to the Telephone Consumer Protection Act ("TCPA") onset Provision and (2) agreed that any dispute arising from or relating to the Agreement or his account was subject to binding arbitration. (*Id.*).

On August 15, 2019, Plaintiff filed this lawsuit alleging that Defendant violated the

TCPA by placing calls to Mr. Pollak's cellular phone using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice after Mr. Pollak revoked consent for such calls. At issue is whether the Agreement encases the dispute alleged in this case.

## Discussion

The Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2). When such an agreement exists, a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." (9 U.S.C. § 3).

Here, Plaintiff agreed to the Arbitration Provision contained within the Agreement. Further, when interpreting the FAA, courts have recognized a national policy in favor of arbitration; in turn, courts tend to resolve any doubts about arbitrability in favor of arbitration. (Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); Glazer v. Lehman Bros., Inc., 394 F.3d 444, 450 (6th Cir. 2005); Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000)).

To determine whether to dismiss or stay proceedings in favor of arbitration, The Sixth Circuit applies a four-part test:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

2

Stout, 228 F.3d at 714.

First, the Court determined whether the parties agreed to arbitrate. It is clear that Plaintiff did agree to the arbitration provision when he executed the Agreement. Under general contract principles, a party is bound by the provisions of a contract he signs, unless he can show special circumstances that would relieve him of such an obligation. (Stout, 228 F.3d at 715; Hughes v. Cardinal Fed. Sav. & Loan Ass'n, 566 F. Supp. 834, 844 (S.D. Ohio 1983).

Here, there is no dispute that the Arbitration Provision is a valid and enforceable agreement. The Arbitration Provision states that all claims arising from or relating to the Agreement or Plaintiff's account are subject to binding arbitration. (ECF #10, Exhibit 2). By signing the Agreement, Plaintiff "agree[d] to be bound by all of the [] terms and conditions" of the Agreement and "acknowledge[d] receipt of a completed copy" of the Agreement. (*Id.*).

Second, because the parties agreed to arbitrate and the Agreement is valid, the scope of the arbitration agreement must be considered. A provision in which the parties agree to arbitrate all disputes "arising out of or related to" the agreement is the paradigm of a broad clause. (Traton News, LLC v. Traton Corp., 528 Fed. App'x 525, 528 (6th Cir. 2013)).

Here, Plaintiff agreed to arbitrate any claims, including statutory claims, of "every kind and nature" arising from or relating to the Agreement or his account. (ECF #10, Exhibit 2). Because the Agreement contains an explicit clause concerning KeyBank's authority to contact Plaintiff via his cellular phone, Plaintiff's claim necessarily arises from and relates to the Agreement and his account. Therefore the claim falls within and is subject to the broad Arbitration Provision.

Third, the Court must determine, since this claim arises under a federal statute, if

3

Congress intended those claims to be nonarbitrable. As discussed above, there exists a strong national trend favoring arbitration. (ECF #10). "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." (Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985)). Courts routinely hold that TCPA claims are arbitrable. (Treinish v. BorrowersFirst, Inc., No. 1:17-CV-1371, 2017 U.S. Dist. LEXIS 145772, at *6-7 (N.D. Ohio Sept. 8, 2017) (Gwin, J.)) ("Neither the text nor the history of the TCPA indicates that Congress intended to make TCPA claims nonarbitrable. Indeed, multiple Sixth Circuit courts have compelled arbitration of TCPA claims.") (citing Drozdowski v. Citibank, Inc., No. 2:15-cv-2786-STA-cgc, 2016 U.S. Dist. LEXIS 117015, at *24-25 (W.D. Tenn. Aug. 31, 2016)). Therefore, it does not appear that Congress intended TCPA claims to be nonarbitrable.

Fourth, the Court must determine whether to dismiss or stay the action. If all claims are subject to arbitration, the court may dismiss rather than stay the action. (Ozormoor v. T-Mobile USA, Inc., 354 Fed. App'x 972, 975 (6th Cir. 2009); Hensel v. Cargill, Inc., No. 99-3199, 1999 U.S. App. LEXIS 26600, at *10 (6th Cir. Oct. 19, 1999); Treinish, 2017 U.S. Dist. LEXIS 145772, at *7; Olsavsky v. Prestige Healthcare, No. 4:14-cv00510-CAB, 2014 U.S. Dist. LEXIS 44416, at *5-6 (N.D. Ohio Apr. 1, 2014)). Because the Plaintiff's sole claim against KeyBank arises out of or relates to the Agreement and is subject to arbitration, this Court may dismiss the complaint in its entirety without prejudice.

4

## Conclusion

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss the Complaint and Compel Arbitration. (ECF #10). This case is dismissed without prejudice. Upon conclusion of arbitration, either party may apply to have this case reinstated, if appropriate.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 4, 2019